**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001051**
**12-NOV-2015**
**08:21 AM**

NO. CAAP-14-0001051

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RNM, Petitioner-Appellee,
v.
JMKK, Respondent-Appellant
and
CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 13-1-6166)

MEMORANDUM OPINION
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Respondent-Appellant JMKK (**Mother**) appeals from the Order denying her July 11, 2014 Motion for Relief After Judgment or Order and Declaration (**Motion to Relocate**), entered on July 15, 2014 in the Family Court of the First Circuit[1] (**family court**).

On appeal, Mother contends the family court erred in:

(1) denying the motion to relocate with prejudice;

(2) making its Finding of Fact (**FOF**) 8;

(3) concluding there was not a material change of circumstances in Conclusion of Law (**COL**) 9;

(4) concluding Mother was bound to the June 5, 2014 Stipulation regarding relocation;

(5) concluding <u>Child Support Enforcement Agency v. MS-</u>

---

[1] The Honorable Patricia C. Aburano presided unless otherwise noted.

M, No. CAAP-11-0000387 (App. Sept. 20, 2013)(SDO) did not apply; and

(6) concluding there was not a material change of circumstances in COL 11.

## I. BACKGROUND

On May 3, 2013, Petitioner-Appellee RNM (**Father**) filed a paternity action to establish legal parentage for his child with Mother. On June 5, 2014, the parties entered into a stipulation (**June 5, 2014 Stipulation**) regarding Father's petition for paternity. The parties agreed to joint legal custody of their child. Sole physical custody of the child was awarded to Mother, subject to Father's visitation rights. Father agreed to pay child support to Mother, including past due child support. The June 5, 2014 Stipulation stated, "Neither party shall relocate with the Child without agreement of the parties or further order of the Court."

On June 12, 2014, the Honorable Gale L.F. Ching entered an order granting Father's Motion for Relief After Judgment or Order, taking under advisement Father's request for the child's last name to change and for adjustments to the visitation schedule on specific dates and times. On July 3, 2014, Mother filed a "Motion to Reconsider Judge Gale L.F. Ching's June 12, 2014 Order and Decision on the Motion for Relief After Judgment or Order Filed June 10, 2014."

On July 11, 2014, Mother filed her Motion to Relocate requesting the family court allow her to relocate to Oklahoma with the child. In support of her motion, Mother described what she believed to be a material change in circumstances:

8.    As of Tuesday, July 1, 2014, [Mother's] father is retired from the City and County of Honolulu Fire Department with 25 years of service. Said retirement is in addition to [Mother's] father also being retired from the State of Hawai'i Air National Guard with 21 years of service. In light of such, [Mother's] immediate family ("[Mother's] family") wants to relocate to the State of Oklahoma where the cost of living is much more affordable.

9.    [Mother's] family has recently secured a place of residence in the City of Norman, Oklahoma.

. . . .

2

12. Due to prior abuse by [Father], the lengthy duration of the case, and caring for the Child full-time; [Mother] was unable to apply to any graduate school programs in a timely manner. In light of such, [Mother] was offered a special admission opportunity as a graduate student at the University of Oklahoma Health Sciences Center [(OUHSC)], to begin classes on Monday, August 18, 2014, as long as she completes and turns-in the required enrollment form by Monday, August 11, 2014.

(Emphasis and exhibits omitted.) The hearing on the motion took place on July 15, 2014. The family court entered the order on the same day, finding Mother had failed to demonstrate that there had been a material change in circumstances.

## II. STANDARD OF REVIEW

### A. Family Court Decisions

Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)).

### B. Findings of Fact and Conclusions of Law

A family court's FOFs are reviewed under the "clearly erroneous" standard. Fisher, 111 Hawai'i at 46, 137 P.3d at 360. A family court's COLs, however, are reviewed de novo. Id. (citing In re Doe, 95 Hawai'i at 190, 20 P.3d at 623). In cases in which a family court determines issues of mixed questions of law and fact, including determinations "of what is or is not in a child's best interests," the issue is reviewed on appeal for clear error. In re Doe, 95 Hawai'i at 190, 20 P.3d at 623. A finding of fact is clearly erroneous when:

(1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

Fisher, 111 Hawai'i at 46, 137 P.3d at 360 (quoting In re Doe, 95 Hawai'i at 190, 20 P.3d at 623).

### III. DISCUSSION

Mother argues that the circuit court erred in concluding that her plans to relocate to Oklahoma were not a material change in circumstance sufficient to warrant a change in the custody arrangement.[2]

At the hearing on Mother's Motion to Relocate, the family court questioned Mother on the timing of her motion.

| | |
|---|---|
| THE COURT: | . . . . I know you say here, as of July 1, 2014, that your father retired from the fire department after 25 years. |
| [MOTHER]: | Yes. |
| THE COURT: | -- of service. |
| [MOTHER]: | Yes. |
| THE COURT: | And so was he--you know, when did he contemplate going up to Oklahoma and relocating? |
| [MOTHER]: | It was in the beginning of June when we were notified by our landlord that our house -- we weren't going to be renewed a lease -- |
| THE COURT: | Okay. |
| [MOTHER]: | -- for that. So he had to think of other options, because he had just turned in his retirement papers. |
| THE COURT: | I see. |
| [MOTHER]: | And there's only so much of a grace period before you can rescind it, and it just missed it. And in the midst of all that, he had to quickly look for someplace. |

---

[2]     Mother's third point of error on appeal challenges the family court's finding: "The [family court] denied [Mother's Motion to Relocate] as the circumstances had not changed between June and July 2014, and the [family court] deemed [Mother] to be bound by the June 5, 2014 Stipulation signed by both parties and which specifically addressed the issue of relocation."

Mother's fifth point of error on appeal argues that an unpublished decision from this court relating to material change in circumstances should have guided the family court's decision.

Mother's sixth point of error on appeal disputes COL 11, which states: "[Mother] has failed to demonstrate a material change in circumstances since the June 5, 2014 Stipulation."

Mother's third, fifth, and sixth points of error on appeal are related to the question of whether Mother's relocation was a material change in circumstance.  Therefore, we address these points of error together.

. . . .

THE COURT: In early June, your father was contemplating the move to Oklahoma?

[MOTHER]: Yes.

THE COURT: And that -- that triggered, I guess -- around that time period, in early June, you were also contemplating maybe going off to Oklahoma to study --

[MOTHER]: Yes.

THE COURT: -- for this health services course of study; correct?

[Mother]: Yes, yes.

At the conclusion of the hearing, the family court held:

Based -- looking at the records and files and taking into consideration the testimony of [Mother], representations of counsel, the [family court] finds that there is not a sufficient showing to demonstrate a material change in circumstances.

The [family court] is basing this primarily on the fact that it--it was an issue that should have been raised sooner, during the times when these issues regarding custody were the subject of stipulation that was filed on June 5th, 2014, that states joint legal, sole physical to Mother, with a visitation schedule, and a specific provision that there was to be no relocation without the parties' agreement or Court order.

Generally, a party seeking an amendment to a custody determination is required to demonstrate that there has been a material change in circumstances. In re Guardianship of Doe, 93 Hawai'i 374, 4 P.3d 508 (App. 2000) (applying the material change of circumstances standard to a request for modification to a custody order); Nadeau v. Nadeau, 10 Haw. App. 111, 861 P.2d 754 (1993) (considering whether relocation was a material change in circumstances).

In Nadeau, the parties entered a divorce decree awarding the mother legal and physical custody of the child and awarded the father Wednesday overnight and alternate weekend visitation. Nadeau, 10 Haw. App. at 113, 861 P.2d at 756. The decree stated:

(e) While the parties are living in the same geographical area, each party may remove said child for his/her thirty (30) days annual leave;

(f) Should the parties live too far apart for Father to receive the above-ordered visitation, Father shall

> be entitled to visitation for two and one-half (2½)
> months out of the summer and alternate Spring and
> Christmas vacations, plus whatever leave time he can
> spend in Mother's geographical area.  The parties
> shall divide the cost of transportation.

Id. (brackets omitted).  The mother sought a modification of the custody order because the father was moving to the continental United States.  Id. at 114, 861 P.2d at 756.  This court held,

> In 1989 the family court knew that both Father and
> Mother would each be ordered to different duty
> stations within the following three years and
> reasonably entered an order providing for that future
> occurrence.  If either party believed that the family
> court reversibly erred, their option was to appeal.
> The relocations in 1991 were not material changes in
> circumstances.

Id. at 119-20, 861 P.2d at 758-59.

Here, the possibility of relocation was contemplated in the June 5, 2014 Stipulation: "7. Relocation with Child.  Neither party shall relocate with the Child without agreement of the parties or further order of the Court."

Mother was required to show that there had been a material change in circumstances, and that a change in custody is in the best interest of the child between the June 5, 2014 Stipulation and the time she filed her Motion to Relocate.  See Nadeau, 10 Haw. App. at 121, 861 P.2d at 759.

The family court held that there was not a material change in circumstances because Mother should have raised the possibility of her relocation before the June 5, 2014 Stipulation was entered.  Mother's testimony indicated that at earliest, she was aware of the possibility of relocation in early June. Nothing in the record suggests that Mother had begun to make firm plans to relocate before the June 5, 2014 Stipulation.  Father's recitation of the facts concede that Mother made plans to relocate after the June 5, 2014 Stipulation was entered.  While Mother may have begun to research the OUHSC program before the stipulation, she received a detailed explanation of the application process on June 6, 2015 after the stipulation had been entered.  Mother received an acceptance of her application for admission to OUHSC on June 17, 2014.

The family court's holding that Mother had not demonstrated a material change in circumstances because she

6

should have raised the issue earlier is a misapplication of the "material change in circumstances" doctrine. The family court erroneously held that because the June 5, 2014 Stipulation addressed relocation, future requests for modification based on relocation should have been addressed prior to the Stipulation. However, unlike the divorce decree in <u>Nadeau</u>, the June 5, 2014 Stipulation did not contemplate imminent relocation of either or both parties, but did allow for the possibility of relocation under either a mutual agreement or a court order. Mother properly used the process allowed by the June 5, 2014 Stipulation by seeking a court order. We hold that Mother has made a sufficient showing of a material change in circumstances between the June 5, 2014 Stipulation and her Motion to Relocate, and remand this case to the family court to determine whether the change in custody is in the best interests of the child. <u>Nadeau</u>, 10 Haw. App. at 121, 861 P.2d at 759.

Because we vacate and remand, we need not address Mother's remaining points of error on appeal.

The Order denying JMKK's Motion for Relief After Judgment or Order and Declaration, entered on July 15, 2014 in the Family Court of the First Circuit, is vacated and this case is remanded for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, November 12, 2015.

On the briefs:

Dominique Tansley
for Respondent-Appellant.

Elsa F.M. McGehee
Amanda O. Jenssen
(Hartley & McGehee)
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge